UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVIS HEFFLEY,

                       Plaintiff,

          -against-

FCI OTISVILLE,

                       Defendant.

20-CV-5811 (LLS)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently incarcerated in FCI Otisville in Otisville, New York, filed this action *pro se* and seeks to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). He asserts that he is being subjected to unconstitutional conditions of confinement. For the following reasons, the Court directs Plaintiff to show cause why his IFP application should not be denied under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision, and this action dismissed.

**PRISON LITIGATION REFORM ACT**

        Congress adopted the Prison Litigation Reform Act (PLRA) with the purpose of deterring not only frivolous and malicious civil actions, but also actions that fail to state a claim on which relief may be granted. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020); *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, a prisoner who has filed at least three civil actions or appeals meeting these criteria is ineligible to proceed IFP and must pay the filing fees before the Court can entertain a new civil action unless the prisoner qualifies for the "imminent danger" exception.

The Court has identified the following civil actions filed by Plaintiff as strikes under § 1915(g):

(1) *Heffley v. Federal Bureau of Prisons*, ECF 1:17-CV-5518, 10 (S.D.N.Y. Mar. 22, 2018), which was dismissed for failure to state a claim on which relief may be granted;

(2) *Heffley v. Federal Bureau of Prisons*, ECF 1:17-CV-10033, 9 (S.D.N.Y. Apr. 20, 2018), which was dismissed for failure to state claim on which relief may be granted; and

(3) *Heffley v. Federal Bureau of Prisons*, No. 18-CV-0140 (S.D. Ill. June 8, 2018), which was dismissed for failure to state a claim on which relief may be granted.

The Court finds that Plaintiff has accumulated three strikes under the PLRA and he is therefore barred under 28 U.S.C. § 1915(g) from filing any actions IFP. Because Plaintiff is barred under § 1915(g) from proceeding IFP unless he is "under imminent danger of serious physical injury," he must pay the filing fee for this action.

Plaintiff does not allege any facts suggesting that he was in imminent danger of serious physical injury when he filed this case.[1] Instead, he brings this action asserting that prison officials have subjected him to unconstitutional conditions of confinement, which includes

---

[1] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

instituting a "COVID-19 pandemic influenza prevention lockdown" that causes him to spend approximately 21 hours in his room, and forcing him to double bunked with another prisoner for at least 17 days. (ECF No. 1, at 2.)

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP

---

[2] Plaintiff is not barred from filing a new case by prepaying the filing fees.

application, dismiss this action without prejudice, and bar Plaintiff under § 1915(g) from filing

future actions IFP while he is a prisoner. All other pending matters in this case are terminated.

SO ORDERED.

Dated:    February 16, 2021
          New York, New York

                                            _____
                                                    Louis L. Stanton
                                                    U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.


_____                    _____
Executed on (date)                        Signature

_____         _____
Name                                      Prison Identification # (if incarcerated)

_____         _____    _____    _____
Address                                   City                State      Zip Code

_____         _____
Telephone Number (if available)           E-mail Address (if available)