UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVIS HEFFLEY,

                Plaintiff,

    -against-

FCI OTISVILLE,

                Defendant.

20-CV-5811 (LLS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro* se, seeking to proceed *in forma pauperis* ("IFP"). On February 16, 2021, the Court noted that while a prisoner, Plaintiff had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and it ordered Plaintiff to show cause by declaration within thirty days why he should not be barred under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing further actions IFP in this Court while he is a prisoner. Plaintiff has not filed a declaration as directed or otherwise provided any reason not to impose a bar order. Plaintiff is therefore barred from filing any future civil action in this Court IFP without first obtaining from the Court leave to file.

## CONCLUSION

    While Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not shown cause why the bar order should not be imposed, Plaintiff is barred from filing future actions IFP in this Court while a prisoner unless he is under imminent threat of serious physical injury. Plaintiff is warned that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule, subject to reopening if Plaintiff pays the filing fees of $400.00 within thirty days of the date of this order. *See* 28 U.S.C. § 1915(g).[1] All other pending matters in this case are terminated.

The Clerk of Court is directed to mail a copy of his order to Plaintiff and note service on the docket. The Clerk of Court is further directed to close this action.

SO ORDERED.

Dated:   April 1, 2021
　　　　  New York, New York

　　　　　　　　　　　　　　　　　　　　*Louis L. Stanton*
　　　　　　　　　　　　　　　　　　　　Louis L. Stanton
　　　　　　　　　　　　　　　　　　　　U.S.D.J.

---

[1] If Plaintiff commences a new action while a prisoner by paying the filing fees, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).