UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVIS HEFFLEY,

                    Plaintiff,

         -against-

FCI OTISVILLE,

                    Defendant.

20-CV-5811 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is currently incarcerated in FCI Otisville filed this action *pro* se, seeking to proceed *in forma pauperis* ("IFP"). On February 16, 2021, the Court noted that while a prisoner, Plaintiff had filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, and ordered Plaintiff to show cause why he should not be barred under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from filing further actions IFP in this Court while he is a prisoner. Plaintiff failed to file a declaration as directed or otherwise provide any reason not to impose a bar order. On April 1, 2021, the Court issued an order, under § 1915(g), barring Plaintiff from filing IFP actions while he is a prisoner, unless he is in imminent danger of serious physical harm at the time he filed the complaint. The Court also denied Plaintiff leave to proceed IFP.

      Plaintiff now brings two new motions in this closed action, requesting leave to file a supplemental complaint under Fed. R. Civ. P. 15(d), and the cessation of deductions from his prisoner account for the filing fees. (ECF 10, 11.) Plaintiff also seeks to have this closed case reassigned to another district judge. After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

**DISCUSSION**

**A.     Motion for Reconsideration**

The Court liberally construes Plaintiff's motion for leave to file a supplemental complaint in this closed case as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Plaintiff asserts in the motion that he was unaware that this case had been reassigned from then-Chief Judge Colleen McMahon to the undersigned, and that the undersigned "ignore[d]" his IFP application, prisoner authorization, and his motion for summary judgment. (ECF 10, at 1.) Plaintiff also requests that this closed case be reassigned to another judge, citing to Fed. R. Civ. P. 54(d), a provision referring to costs and attorney fees.

The reassignment of this case from then-Chief Judge McMahon to the undersigned was purely a matter within the Court's management of its docket. Furthermore, as Plaintiff's

complaint was dismissed under § 1915(g), there was no need to consider his IFP application or motion for summary judgment.

Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of this action under § 1915(g), the motion to file a supplemental pleading, construed as a motion for reconsideration, is denied.

**B.      Motion to Stop Deduction of Fees**

Plaintiff also requests that the Court cease deducting money from his prisoner account because the "fees at this time are too expensive in relation to the amount he receives each month." (ECF 11.) As the Court denied Plaintiff leave to proceed IFP in this case, there are no fees being deducted from Plaintiff's prisoner account for this action. The Court denies Plaintiff's motion to stop the deduction of fees.

## CONCLUSION

Plaintiff's motions (ECF 10, 11 ) are denied. All other pending matters in this action are terminated.

The Clerk of Court is directed not to accept any further submissions under this closed case number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   July 14, 2021
         New York, New York

                                                            _____
                                                                   Louis L. Stanton
                                                                        U.S.D.J.